BOARD OF SCHOOL COMMISSIONERS OF THE CITY OF CHARLOTTE v. COUNTY BOARD OF EDUCATION OF MECKLENBURG COUNTY.

(Filed 19 May, 1915.)

**1. Schools—Apportionment of School Funds—Private Laws—Apportionment Per Capita—Interpretation of Statutes.**

Chapter 149, Public Laws 1913, is upon its face amendatory of chapter 89 of the Revisal, specifying the sections upon which it acts without reference to section 4029 therein, and as it does not purport to repeal any of the sections of said chapter 89, it is construed to leave the provisions of section 4029 in force, to the effect that the provisions of chapter 89, Revisal, shall not apply to any township, city, or town now levying a special tax for schools and operating under special laws or charter. Hence chapter 324, sec. 207, Private Laws 1907, providing for the apportionment from the public school funds of Mecklenburg County per capita for the public graded schools of the city of Charlotte, and as brought forward and explained by the Laws of 1915, is not repealed by said chapter 149, Public Laws 1913, requiring the apportionment "so as to give to each school in the county for each race the same length of school term, as nearly as may be, each year."

**2. Same—Constitutional Law.**

Revisal, sec. 4029, providing that chapter 89 of the Revisal shall not apply to townships, cities, or towns now levying a special tax for schools under special laws or charters, and chapter 324, sec. 207, Private Laws 1907, providing the apportionment from the county school funds to the city of Charlotte shall be per capita, do not contravene Article IX, sec. 2, of the State Constitution, providing for "a general uniform system of public schools," etc.

APPEAL by plaintiff from *Lane, J.,* at March Term, 1915, of MECK-LENBURG.

Injunction proceeding, heard by *Lane, J.,* who issued a mandatory injunction directing the defendant to apportion the school fund in accordance with chapter 149, Laws of 1913, and not in accordance with the charter of the city of Charlotte, section 207, chapter 324, Private Laws 1907. The plaintiff appealed.

*Tillett & Guthrie for plaintiff.*
*E. R. Preston, J. W. Keerans for defendant.*

BROWN, J. This is an injunction proceeding brought to compel the defendant to apportion the public school funds of the county of Mecklenburg to the city of Charlotte, "per capita," as provided by the city charter (section 207, chapter 324, Private Laws 1907, page 857), and not according to "length of term," as provided by Public Laws 1913, chapter 149. This latter act prescribes: "It shall be the duty of the county board of education to distribute and apportion the school fund so as to give to each school in the county for each race the *same length of school term, as nearly as may be, each year.*"

Section 207 of the revised charter of the city of Charlotte is in these words: "That the county board of education of Mecklenburg County, in apportioning the school fund of said county, shall ascertain and determine the amount of said funds to be used each year for the public graded schools of the city of Charlotte by dividing the whole amount of school funds received by the county treasurer of Mecklenburg County, less his commissions or the part of his salary which is to be paid out of said funds, and less the amount reserved by said county board of education for the office expenses and salary of the county superintendent of education and for the per diem and mileage of the said county board of education, by the total number of children of school age in said county, as determined by the last census preceding such apportionment, and by multiplying the quotient so obtained by the total number of school children in the city of Charlotte, as determined by last school census preceding such apportionment; and the amount so ascertained and determined is to be paid by the treasurer of said Mecklenburg County to the treasurer of the public schools of the city of Charlotte, or such other official as may be legally designated to receive the same, to be used for the said public schools of said city under the control and direction of the board of school commissioners of said city of Charlotte."

Chapter 89, Revisal 1905, which contains the general school law of the State, provides (section 4029) that "The provisions of this chapter shall not apply to any township, city, or town now levying a special tax for schools and operating under special laws or charters." The city of Charlotte is now levying a special tax for its schools and is conducting its school system under its special charter above cited.

The defendant contends: "That the act of 1913, chapter 149, was intended to embrace the *general school policy in the apportionment of school funds throughout the State, and necessarily repealed by implication* section 4029 and any prior local or general statute inconsistent therewith."

We do not think this position can be maintained, in view of the language of the act of 1913. This act is on its face an amendatory law, amending certain sections of chapter 89 of the Revisal, specifying them.

It does not in any way repeal or amend section 4029, above quoted. Its title is that of an amendatory act, and is as follows: "An act to amend certain sections of chapters 81 and 89 of the Revisal of 1905 of North Carolina and certain chapters of the Public Laws of 1907, 1909, and 1911 of North Carolina, being parts of the public school law."

For the purpose of relieving the matter of any doubt, the General Assembly of 1915 enacted:

"Whereas a doubt has arisen as to whether section 207 of chapter 342 of the Private Laws of 1907 is still in force, or whether the same has been repealed by chapter 149 of the Public Laws of 1913: Now, therefore,

"*The General Assembly of North Carolina do enact:*

"SECTION 1. That in apportioning the school fund of the county of Mecklenburg the county board of education shall be governed in all respects by the provisions of section 207 of chapter 342 of the Private Laws of 1907."

No sufficient reason has been advanced which would justify us in holding that section 4029 of the Revisal or section 207 of the revised charter of the city is violative of the State Constitution, Art. IX, sec. 2, providing for "a general uniform system of public schools wherein tuition shall be free of charge to all children in the State between the ages of 6 and 21 years."

The various legislatures that have passed laws since the Constitution was adopted seem to have considered that a fair and just method of distributing the school fund is per capita, and numerous acts have been passed looking to this end.

Section 4029, Revisal, has been on the statute book many years, and its constitutionality has never been questioned. In pursuance of it a great many cities and towns in this State are conducting their school systems under special legislation providing for a per capita apportionment of the school fund.

We are not prepared to say that all this legislation, which has been in force so many years, is contrary to our fundamental law. In the *Greensboro school case* the per capita method of apportionment is recognized, the Court holding that "the public school fund in any county, from whatever source arising, must be distributed pro rata among the several school districts respectively, according to the number of children in each."

The Court says: "A very material part of the fund thus devoted to the support of public schools is taken from the ordinary revenue of the State, raised by taxation; but this does not imply, nor does it follow, that the fund thus raised is to be distributed to the support of schools

located in the neighborhood of those taxpayers who paid the taxes, or most thereof, but *it is to be distributed as nearly as may be per capita for the education of all the children in the State.*"

The judgment of the Superior Court is reversed, and the cause is remanded, with direction to issue a mandatory injunction commanding the defendant to apportion and distribute the school fund in accordance with the provisions of the charter of the city of Charlotte.

Reversed.